UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-429 PA (RAOx) | Date | January 21, 2016 |
|---|---|---|---|
| Title | Kip Pierce v. Lisa Heiple | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Complaint filed by plaintiff Kip Pierce ("Plaintiff"), who is appearing pro se, against defendant Lisa Heiple ("Defendant"). Plaintiff's Complaint alleges claims for declaratory relief, conversion, fraud, defamation, negligent infliction of emotional distress, malicious prosecution, and abuse of process.

The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

The Complaint alleges that the Court possesses diversity jurisdiction over this action. Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Complaint fails to establish that the parties are completely diverse. Specifically, the Complaint only alleges that Plaintiff "is an adult resident of the State of California . . . ." (Compl. ¶ 1.) The Complaint similarly alleges that Defendant "is an adult resident of the State of Oregon." (Compl. ¶ 2.) Because residence is not the same as citizenship, and the Complaint does not allege the citizenship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-429 PA (RAOx) | Date | January 21, 2016 |
|---|---|---|---|
| Title | Kip Pierce v. Lisa Heiple | | |

of either Plaintiff or Defendant, the Complaint does not adequately allege the parties' citizenship. Accordingly, the Court is unable to ascertain whether it may exercise subject matter jurisdiction over this action.

The Complaint also alleges that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff alleges that Defendant's efforts to relitigate or ignore the ramifications of a judgment issued by the Oregon Court of Appeals violates the United States Constitution's Full Faith and Credit Clause. U.S. Const. art. IV, § 1. Plaintiff's references to the Full Faith and Credit Clause are contained within the Complaint's seventh claim for relief, which alleges a claim for abuse of process. The Complaint's references to the Full Faith and Credit Clause do not support the exercise of the Court's federal question jurisdiction. See Thompson v. Thompson, 798 F.2d 1547, 1555 (9th Cir. 1986) ("The Supreme Court held long ago that the Full Faith and Credit Clause was not a source of federal jurisdiction. '[The Full Faith and Credit Clause] only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records and judicial proceedings of a State other than that in which the court is sitting. . . . [T]o invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States.'") (quoting Minnesota v. N. Sec. Co., 194 U.S. 48, 72, 24 S. Ct. 598, 605, 48 L. Ed. 870 (1904)); see also California ex rel. McColgan v. Bruce, 129 F.2d 421, 424 (9th Cir. 1942) ("Appellant's argument would ask us to hold that any attempt, at any time or place, by any person, to enforce the provisions of any state statute or judgment would be, without more, a subject of federal jurisdiction. The authorities will not support so sweeping a pronouncement."). Moreover, because the Full Faith and Credit Clause establishes the rules by which state courts must defer to the judgments of other state courts, it does not create a private right of action against a private citizen. See Adar v. Smith, 639 F.3d 146, 154 (5th Cir. 2011) ("[S]ince the duty of affording full faith and credit to a judgment falls on courts, it is incoherent to speak of vindicating full faith and credit rights against non-judicial state actors."). The Court therefore concludes that the Complaint's references to the Full Faith and Credit Clause do not allow the Court to exercise its federal question jurisdiction over this action. Instead, at most, Plaintiff's abuse of process claim states only a claim under state law.

Despite the Complaint's failure to adequately allege the Court's subject matter jurisdiction, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to attempt to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, shall be filed no later than February 1, 2016. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.